GEORGE H. SELOVER v. HENRY W. WILLIAMS.[1]

May 25, 1906.

Nos. 14,684—(73).

**Certifying Case to District Court.**

To require the municipal court of the city of St. Paul to certify a cause to the district court upon the ground that an equitable defense or equitable relief is interposed (Sp. Laws 1889, p. 999, c. 351, § 22), the answer must set forth facts sufficient to constitute a defense.

[1] Reported in 107 N. W. 960.

Appeal by defendant from a judgment of the municipal court of St. Paul entered pursuant to the findings and order of Hine, J. Affirmed.

*Walter A. Shumaker,* for appellant.

*A. E. Bowe,* for respondent.

LEWIS, J.

Action in the municipal court of the city of St. Paul by the payee against the maker of a promissory note for $175. Appellant claims that the answer interposed an equitable defense, and when the case came on for trial moved the court to certify and transfer the case to the district court under section 22 of the municipal court act. The motion was denied, whereupon respondent's counsel moved to strike out a portion of the answer, which motion was granted. The note was then offered in evidence, appellant offered no evidence, and judgment was entered for respondent for the amount of the note and interest.

Section 22, c. 351, p. 999, Sp. Laws 1889, in part reads:

> Where any equitable defense or ground for equitable relief is interposed, * * * said court shall immediately cause an entry of the fact to be made of record and cease all further proceedings in the case, and within twenty days thereafter certify and return to the district court, etc.

In our judgment the answer did not interpose an equitable defense, within the meaning of this statute, and hence it will be unnecessary to consider any of the other questions suggested at the argument.

The answer alleges that appellant, respondent, and two other persons, at the time of the execution of the note were, and for a long time prior thereto had been, copartners engaged in a certain business enterprise and owned certain property; that prior to the execution of the note each of the partners had contributed to the capital of the firm various sums of money less in amount than they were respectively bound to do under the partnership contract, by reason of which there existed equities and rights of contribution among the partners, and that the rights and interests of appellant in and to the property and profits were thereby charged and affected; that before the execution of the note and dissolution of the partnership and liquidation of its affairs

were attempted, and in the course thereof, it was agreed between respondent and appellant, without the privity or concurrence of the other partners, that for the readier adjustment of existing equities in such partnership, appellant should take over respondent's share in the partnership and pay him the amount he had contributed to the capital, and in the event that on liquidation and accounting of all partnership business it should appear that a profit had accrued to the partners, appellant should pay respondent such sums as represented his share of such profits, not to exceed $175; that the note mentioned in the complaint was thereupon given by appellant to respondent in evidence of his equity under the agreement; that appellant had paid respondent the amount of his contribution to the capital of the partnership; that its affairs have not yet been settled, no accounting has been had of the business or profits, and no profits have been realized or received by appellant, or any one; that an adjustment of the equities and determination of the amounts in which appellant is indebted to respondent, and the amounts in which respondent is indebted to appellant, cannot be determined until an accounting of the affairs of the partnership is had.

All that can be claimed for this answer is that it suggests a set of circumstances which, upon a dissolution and accounting between the partners, might show that the profits arising would be sufficient to offset respondent's note. The facts stated do not constitute any defense, legal or equitable. Appellant has misapprehended the purport of the municipal court act. It certainly was not the intention to permit a defendant to secure a transfer of a cause from the municipal court to the district court by simply pleading a set of circumstances which might possibly amount to an equitable defense. Equitable defenses are not interposed by merely suggesting possibilities, and for that reason the motion to transfer the case was properly denied.

Judgment affirmed.